**UNITED STATES of America, Appellee,**

v.

**Rohan MANRAGH, Defendant–Appellant.**

**No. 07–0144–cr.**

United States Court of Appeals, Second Circuit.

May 27, 2008.

Yuanchung Lee, Appeals Bureau, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellant.

Demetri Jones, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, on the brief; Susan Cork-ery, Assistant United States Attorney, of Counsel), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN, BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Rohan Manragh pleaded guilty to one count of violating 8 U.S.C. § 1326(a) and (b)(2) by entering the United States unlawfully following his deportation after a conviction for an aggravated felony. On appeal, he challenges the District Court's denial of his motion to dismiss the indictment pursuant to 8 U.S.C. § 1326(d). We assume the parties' familiarity with the facts and the procedural history of the case.

Section 1326(d) of the Immigration and Nationality Act ("INA") permits an alien who is charged with violating INA § 1326(a) to collaterally attack the underlying order of deportation if, *inter alia,* "the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review" and "the entry of the order was fundamentally unfair." Manragh contends that he meets both of these requirements because "[his] attorneys rendered ineffective assistance that prejudiced his . . . application [for relief pursuant to former 8 U.S.C. § 1182(c) ("Section 212(c) relief") ]." Appellant's Br. 30. *Cf. United States v. Perez,* 330 F.3d 97, 104 (2d Cir.2003) (noting that an alien can satisfy the "depriv[ation] of the opportunity for judicial review" and "fundamental unfairness" requirements of 8 U.S.C. § 1326(d) by showing that he was "deprived of effective assistance of counsel . . . and that prejudice had resulted").

To establish that he received ineffective assistance in a civil immigration proceeding, "an alien must ... show (1) that competent counsel would have acted otherwise, and (2) that he was prejudiced by his counsel's performance." *Id.* at 101 (internal quotation marks omitted). Manragh claims that his counsel rendered ineffective assistance by "fail[ing] to introduce medical records concerning his Chronic Fatigue Syndrome, .... fai[ling] to argue to the IJ that this chronic illness was the cause of [his] history of sporadic employment .... [and] fail[ing] to introduce evidence showing that [he] would not be able to receive proper medical care for his chronic illness if deported to Jamaica." Appellant's Br. 30. The record of Manragh's deportation proceeding belies these claims. The transcript of Manragh's deportation hearing reveals that Manragh's attorney elicited testimony about his alleged illness and introduced a letter alleged to be from Manragh's treating physician into evidence. Furthermore, the opinion of the IJ reveals that the IJ did, in fact, consider whether Manragh's "unemployment [wa]s caused by a medical condition." Appendix 78.

Manragh is correct to observe that "[c]redible testimony of the treating physi-cian and supporting medical reports," including any "medical records or laboratory tests confirming that [he] suffered from [Chronic Fatigue Syndrome]," would have bolstered his claim. Appellant's Br. 17–18. But without any indication as to the availability of such evidence, we cannot say whether Manragh's counsel can be faulted for not presenting it. Nor do we believe that Manragh was prejudiced by the conduct of his counsel before the Board of Immigration Appeals.

Because Manragh has failed to establish that he received ineffective assistance of counsel in his deportation proceeding—and has not alleged that he meets the requirements of § 1326(d) under any other theory—we conclude that his collateral attack upon the deportation order underlying his present conviction is without merit.

We therefore AFFIRM the judgment of the District Court.